Show cause hearing held November 6, 2023.

IN THE SUPREME COURT

OF MARYLAND

Misc. No. 1

September Term, 2023

---

IN THE MATTER OF THE APPLICATION
OF IAN PATRICK WRIGHT FOR
ADMISSION TO THE BAR OF MARYLAND

---

Fader, C.J.
Watts
Hotten
Booth
Biran
Gould
Eaves,

JJ.

---

Order.
Hotten, J. dissents.

---

Filed: December 29, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

|                              | * | IN THE              |
| ---------------------------- | - | ------------------- |
|                              | * |                     |
| IN THE MATTER OF THE         |   | SUPREME COURT       |
| APPLICATION OF IAN           | * |                     |
| PATRICK WRIGHT FOR           |   | OF MARYLAND         |
| ADMISSION TO THE BAR OF      | * |                     |
| MARYLAND                     |   | Misc. No. 1         |
|                              | * |                     |
|                              |   | September Term, 2023 |
|                              | * |                     |

ORDER

The Court having considered the favorable recommendations of the Character Committee for the Third Appellate Judicial Circuit and the State Board of Law Examiners concerning the application of Ian Patrick Wright for admission to the Bar of Maryland, it is this 29th day of December 2023, by the Supreme Court of Maryland, a majority of the Court concurring,

ORDERED that the favorable recommendations of the Character Committee for the Third Appellate Judicial Circuit and State Board of Law Examiners are accepted, and it is further

ORDERED that the applicant shall be admitted to the Bar upon taking the oath prescribed by the statute.

/s/ Matthew J. Fader
Chief Justice

Show cause hearing held November 6, 2023

IN THE SUPREME COURT

OF MARYLAND

Misc. 1

September Term, 2023

_____

IN THE MATTER OF THE APPLICATION
OF IAN PATRICK WRIGHT FOR
ADMISSION TO THE BAR OF MARYLAND

_____

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

_____

Dissent to the Order by Hotten, J.

_____

Filed:  December 29, 2023

Respectfully, I dissent. I am not persuaded that Mr. Wright has met his burden for admission to the Bar of Maryland. As the record reflects, Mr. Wright's conduct suggests a troubling pattern of omissions and failures to appear at court proceedings. The judgment exercised under the circumstances is inconsistent with the requisite character and fitness to practice law.

This Court holds the solemn responsibility of determining the fitness of those who seek the privilege to practice law in our State. The highest requirements are demanded of those who would practice since "[t]he virtues of character, honesty, and integrity are the cornerstone of our legal profession." *Att'y Grievance Comm'n v. Vasiliades*, 475 Md. 520, 564, 257 A.3d 1061, 1086 (2021); *see also Att'y Grievance Comm'n v. Myers*, 333 Md. 440, 449, 635 A.2d 1315, 1319 (1994) ("Candor and truthfulness are two of the most important moral character traits of a lawyer.") (citations omitted). Lawyers must also comply with the law and appear in court when required. *Att'y Grievance Comm'n v. Ficker*, 477 Md. 537, 566, 271 A.3d 227, 244 (2022) ("Competen[ce] … requires the attorney's presence at any court proceeding for which he or she was retained, absent an acceptable explanation for that attorney's absence.").

Mr. Wright is a recovering alcoholic. According to the State Bar of Law Examiner's report, Mr. Wright had been sober for fourteen years. However, Mr. Wright had several brushes with the law, including two DUIs associated with his alcoholism, trespassing and disorderly conduct, and a citation for an expired motor vehicle registration. Further, Mr. Wright failed to appear at two separate court proceedings after he began his journey to the legal profession. The first non-appearance, for the trespassing and disorderly conduct,

occurred in 2014 while Mr. Wright was attending law school.  The second, for the expired vehicle registration, was in 2017 and after Mr. Wright had graduated from law school, where his driver's license was suspended for failing to appear.  During those times, Mr. Wright knew or should have known the importance of adhering to court orders and summons.

It is also troubling that Mr. Wright neglected to disclose his criminal record to a sitting judge during the interview and hiring process as a law clerk.  *See* State Board of Law Examiners Hearing Transcript 36–39 ("I thought if somebody's hiring me, they would do some research." … "If asked, I would have been forthcoming.").  While sensitive medical information and battles with substance abuse are delicate subjects to navigate, Mr. Wright did not appreciate the importance of disclosing even his criminal history to a judge who hired and supervised him for two years.  Mr. Wright's lack of candor is concerning.[1]

Mr. Wright's conduct is alarming and suggests that he lacks the necessary character and fitness to practice law in Maryland.  Accordingly, I dissent.

---

[1] When directly confronted, Mr. Wright appears forthcoming with investigators, the Character and Fitness Committee, and the State Board of Law Examiners ("SBLE").  One noted exception is the failure to appear for the expired vehicle registration, where the Character and Fitness investigator discovered this transgression, despite its omission on Mr. Wright's Bar application.  Mr. Wright claimed to be unaware of the circumstance, but upon SBLE's notification, he promptly rectified the matter.  Lack of awareness of the matter could speak to Mr. Wright's future competence and diligence as an attorney.  *See Att'y Grievance Comm'n v. Walker-Turner*, 428 Md. 214, 227–31, 51 A.3d 553, 560–63 (2012) ("[M]aintaining Maryland's position that a single failure to appear, even if inadvertent or not associated with a pattern of irresponsibility, is actionable neglect.").